**CITIZENS' UTILITY RATEPAYER BOARD, Plaintiff,**

v.

**Timothy E. McKEE, Susan M. Seltsam, and John Wine, together as the Commissioners of the Kansas Corporation Commission and Individually, and John McNish, Martha Cooper, Defendants,**

**and**

**Southwestern Bell Telephone Company, Intervenor/Defendant.**

**Civil Action No. 96–2468–GTV.**

United States District Court, D. Kansas.

Nov. 13, 1996.

894

author block
Walker A. Hendrix, Allen B. Cantrell, Topeka, KS, for Citizens' Utility Ratepayer Board.

Eva Powers, Kansas Corporation Commission, Topeka, KS, David J. Heinemann, Kansas Corporation Commission, Legal Department, Topeka, KS, for Timothy E. McKee, Susan M. Seltsam, John Wine, John McNish, Martha Cooper.

Michael C. Cavell, William R. Drexel, Topeka, KS, Frank A. Caro, Jr., Douglas S. Laird, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for Southwestern Bell Telephone Company.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff has brought this action seeking the court's order to permit plaintiff to intervene in arbitration proceedings that defendant Kansas Corporation Commission ("the Commission") has ordered. Plaintiff claims that it has a state law right under K.S.A. § 66–1223(b) to intervene in those proceedings. K.S.A. § 66–1223(b) authorizes plaintiff to "function as an official intervenor in cases filed with the [Commission], including rate increase requests."

By its order of October 1, 1996, the Commission adopted an arbitration procedure for the resolution of disputes between interconnecting telephone providers and existing local exchange carriers as prescribed by the Telecommunications Act of 1996 ("Act"), *to be codified at* 47 U.S.C. §§ 151 *et. seq.,* and authorized by Kansas H.B. 2728, 1996 Kan. Sess.Laws, Chap. 268 at 1976. Additionally, by that order, the Commission disallowed intervention of non-negotiating parties in the arbitration proceedings.

In disallowing intervention, the Commission stated that the Act contains sufficient safeguard mechanisms to protect the interests of parties not involved in an immediate arbitration proceeding. The Commission, relying on 47 U.S.C. § 252(i), noted that any interconnecting service provider that was not a negotiating party in the arbitration process could take advantage of the terms of any arbitrated agreement. Further, the Commission asserted that the comment period provided prior to final approval of the arbitrated agreement protected the interests of non-negotiating parties. Based on those findings, the instant action ensued.

On October 31, 1996, the court held a hearing to consider plaintiff's motion (Doc. 1) for a temporary restraining order. Plaintiff asserted that the court has subject matter jurisdiction over this state law claim pursuant to 47 U.S.C. § 252(e)(6). Plaintiff contended that section 252(e)(6) divests the state district court of jurisdiction over claims brought under the Act, and authorizes this court to exercise its jurisdiction to hear plaintiff's claim. Defendants and the intervenor opposed plaintiff's motion.

Following the parties' oral arguments, the court took plaintiff's motion under advisement. By its brief order of November 5,

1996, the court denied plaintiff's motion for a temporary restraining order. This memorandum and order is to memorialize the court's reasons for denying plaintiff's motion.

### Subject Matter Jurisdiction

■ Federal courts are courts of limited jurisdiction. The party seeking the federal forum must establish the basis for the court's jurisdiction. *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir.1992). United States district courts have original jurisdiction over actions arising under the laws of the United States. 28 U.S.C. § 1331. Under 47 U.S.C. § 252(e)(6), Congress provided for federal court jurisdiction in any case in which a state commission makes a determination under the arbitration provisions of the Telecommunications Act of 1996.

■ 47 U.S.C. § 252(e)(6) limits the court's jurisdiction to adjudicate actions under the Telecommunications Act. Section 252(e)(6) states:

> ... In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

47 U.S.C. § 252(e)(6). The court must construe strictly this statute and resolve any doubts against federal jurisdiction. *See Koch Indus., Inc.*, 971 F.2d at 552 (court strictly construed parameters of jurisdiction that Congress provided in *qui tam* statute).

The Telecommunications Act of 1996 mandates that existing local exchange carriers allow interconnecting service providers access to local networks in order to provide competing local telephone service. *See* 47 U.S.C. § 251(c). The parties may arrive at an agreement as to the terms for providing interconnecting services either by negotiation or arbitration. *See* 47 U.S.C. § 252(a) & (b). If the parties are unable to negotiate an agreement for interconnecting services, either party may petition the appropriate state regulatory commission to conduct a binding arbitration of the disputed issues. *See* 47 U.S.C. § 252(b). Section 252 sets forth the arbitration procedure to be followed by interconnecting service providers and local exchange carriers.

Once the parties arrive at either an arbitrated or negotiated agreement, the agreement is submitted to the state commission for approval or rejection. The state commission can approve the agreement either by express ratification or by inaction (the agreement is deemed approved if the commission fails to approve the arbitrated agreement within thirty days after submission). *See* 47 U.S.C. § 252(e)(1) & (5).

Congress has removed the jurisdiction of state courts to review the action of state commissions in either approving or disapproving the agreements. *See* 47 U.S.C. § 252(e)(5). The power to review a state commission's action is vested in the federal district courts, but federal court jurisdiction is not without limits.

Under 47 U.S.C. § 252(e)(6), the court may exercise its jurisdiction only in a case "in which a State commission has made a determination under [section 252]...." Additionally, section 252(e)(6) limits the type of action that the court may hear to only those actions in which an aggrieved party seeks a determination of whether the agreement between the interconnecting service provider and the local exchange carrier satisfies the requirements of sections 251 and 252.

■ The court concludes that 47 U.S.C. § 252(e)(6) does not provide the court with jurisdiction over the instant action because plaintiff is not an "aggrieved party." Giving the express language of 47 U.S.C. § 252(e)(6) its plain meaning, an aggrieved party is either the interconnecting service provider or the local exchange carrier who is affected adversely by a determination of the state commission. Because plaintiff is not the interconnecting service provider or the local exchange carrier involved in the arbitration proceedings, it does not have standing to bring the instant action in federal court.

Based on its lack of subject matter jurisdiction, the court denies plaintiff's request for a temporary restraining order to enforce

a state law right. Inasmuch as plaintiff's complaint also seeks a preliminary and permanent injunction, the court, *sua sponte*, dismisses plaintiff's complaint for injunctive relief for the reasons already stated.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion (Doc. 1) for a temporary restraining order is denied. The case is dismissed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**